IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcus Jeffey Reaves,<br><br>　　　　Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>　　　　Respondents. | No. CV-23-02471-PHX-DWL (MTM)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DOMINIC W. LANZA, UNITED STATES DISTRICT JUDGE:

Petitioner filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1.

**I.　SUMMARY OF CONCLUSION**

Petitioner was convicted in Maricopa County Superior Court cases ##CR 2021-115011 and CR 2021-127035 of attempted and actual possession of narcotics for sale and aggravated assault with a deadly weapon. He was sentenced to multiple terms of imprisonment. Because Petitioner's three grounds for relief are procedurally defaulted without excuse, the Court recommends his Petition be denied and dismissed with prejudice.

**II.　BACKGROUND**

　　**A.　Facts.**

The presentence investigation report summarized the facts as follows:

On April 21, 2021, police conducted a traffic stop of [Petitioner]. Petitioner denied the presence of drugs or weapons in the car. Police found a firearm on the driver's

> seat; a search of [Petitioner] and the car identified cocaine and other suspected drugs. [Petitioner] admitted he could not lawfully possess the firearm but stated it was not his. In the trunk of the car police located a backpack containing a short barrel rifle with no serial number, an empty holster that fit the handgun from the driver's seat, 160 runs of ammunition, three baggies of methamphetamine, and more pills.

Doc. 11-1 at 210, Ex. V (CR 2021-115011 case).

> On July 19, 2021, [Petitioner] was in a motel room when motel security officers responded to a request to fix an air conditioner. As a security officer used his cell phone to photograph drug paraphernalia in the room, [Petitioner] tried to slap the phone out of the officer's hand. After an officer pushed [Petitioner] back, [Petitioner] withdrew a revolver from his waistband and pointed it at the two security officers. One officer drew his firearm; the other officer used his taser on [Petitioner]. [Petitioner] later told police that the gun was not his and that he picked it up from the bed when he saw the security officers; [Petitioner] denied pointing the gun at the security officers.

Doc. 11-1 at 211, Ex. V (CR 2021-127035 case).

Petitioner was indicted on various charges. He pled guilty to possession of narcotics for sale with one prior felony conviction (*CR 2021-115011*), doc. 11-1 at 154, Ex. R; and aggravated assault (*CR 2021-127035*). *Id.* at 148, Ex. Q.

On November 30, 2022, a Superior Court judge sentenced Petitioner to 10 years of imprisonment for the aggravated assault, to be served concurrently with a 9.25 year sentence for possession of narcotics for sale.

### B.     Post Conviction Proceeding.

Petitioner filed a Notice of Post Conviction Relief in both cases. Doc. 11-1 at 228, 232; Exs. W, X. On September 1, 2023, Petitioner filed his PCR petition. *Id*. at 287, Ex. EE. Petitioner asserted his Fourth Amendment rights had been violated by the vehicle search on April 21, 2021, that a Superior Court judge had committed misconduct, and that his counsel had been ineffective. *Id*. at 288. On March 18, 2024, the PCR Court dismissed the petition for failure to present a material issue of fact or law justifying relief. *Id*. at 312, Ex. II. Petitioner did not seek review of the dismissal.

### III.    PETITIONER'S HABEAS PETITION

Petitioner filed his habeas petition on November 28, 2023. Doc. 1. As summarized

by this Court, in Ground One Petitioner "alleges his Fifth and Sixth Amendment rights were violated when officers questioned him and searched his vehicle without a warrant or exigent circumstances;" in Ground Two, he alleges the "Supremacy Clause 'will not permit [the] state court to usurp function[s] that Congress has assigned to federal regulations;'" in Ground Three, Petitioner "asserts he is illegally imprisoned in violation of the Supremacy Clause." Doc. 8 at 1-2.

On May 24, 2024 Respondents filed a limited Answer. Doc. 11.

## IV. DISCUSSION

**Petitioner's claims are procedurally defaulted without excuse**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (cleaned up). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The prisoner "must 'fairly present' his claim in each appropriate state court," *id*. at 29 (citations omitted), and "clearly state the federal basis and federal nature of the claim, along with relevant facts," *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011). In non-capital cases, claims of Arizona prisoners "are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F. Supp.2d 925, 933 (D. Ariz. 2007).

If a petitioner failed to raise a claim in state court, a federal court should dismiss the petition with prejudice "if it is clear that the state court would [now] hold the claim procedurally barred" under a state procedural rule upon the petitioner returning to state court to exhaust his claims. *See Franklin v. Johnson*, 290 F.3d 1223, 1230–31 (9th Cir. 2002).

The procedural default doctrine is rooted in "the adequate and independent state ground doctrine." *Franklin*, 290 F.3d at 1230 (citations omitted) (internal quotation marks omitted). Under that doctrine, federal courts should decline to consider federal law issues

- 3 -

if the judgment "rests on a state-law ground that is both independent of the merits of the federal claim and has an adequate basis for the court's decision." *Id*. at 1230–31 (quoting *Harris v. Reed*, 489 U.S. 255, 260 (1989)).

As noted, Petitioner sought PCR review in state court. Doc. 11-1 at 287-292, Ex. EE. However, the issues Petitioner now raises in his habeas petition were not presented to the PCR Court, and were not presented to the Arizona Court of Appeals, as Petitioner did not appeal the PCR Court's dismissal of his PCR petition. *See* PCR petition, doc. 11-1 at 287-89, Ex. EE, raising a Fourth Amendment issue, not the Fifth and Sixth Amendment issues raised in his habeas petition, as well as omitting the Supremacy Clause grounds now asserted in the habeas petition. Accordingly, all three grounds in the habeas petition are procedurally defaulted. *Franklin*, 290 F.3d at 1230-31.

At this point Petitioner is barred from returning to state court to raise the claims he now asserts in his habeas petition, as his claims are not permitted in a second PCR. *See* Ariz. R. Crim. P. 33.1(d)-(h) (specifying claims permitted in a second PCR), and Ariz. R. Crim. P. 33.2(a) (precluding claims waived by guilty plea or waived in previous PCR proceeding, except for claim of violation of a constitutional right that that can only be waived knowingly, voluntarily, and personally by defendant). *See also* Ariz. R. Crim. P. 33.4(b)(3)(A), (B) (barring untimely PCR claims), and *Stewart v. Smith*, 202 Ariz. 446, 450 (2002) (petitioner waives a claim by not raising it in a previous PCR proceeding, unless the right involved requires a knowing and voluntary waiver). *See also Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014) ("Arizona's waiver rules are independent and adequate bases for denying relief.").

To obtain review of a procedurally defaulted claim, a petitioner must show "either cause for the default and resulting prejudice, or that failure to review the claims would result in a fundamental miscarriage of justice." *Moormann v. Schriro*, 426 F.3d 1044, 1058 (9th Cir. 2005).

Petitioner has not asserted or shown cause for his procedural default. Having filed a timely PCR petition raising issues different than those he now wishes to litigate in his habeas petition, it is evident that no external and objective factor impeded Petitioner's

ability to comply with Arizona's state procedural rules – the issues now raised in Petitioner's habeas petition could have been, but were not, raised in his previous state court PCR. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Petitioner has also not stated a credible claim of actual innocence. "Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or expiration of the AEPA statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 383-84 (2012). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 615 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The main thrust of Petitioner's habeas petition is his disagreement with the trial court's refusal to grant his motion to suppress the search of his car, which resulted in the discovery of a firearm and drugs. *See* doc. 1 at 6-7. However, in his plea colloquy, when asked whether he understood that by pleading guilty he was "giving up" the argument from his motion to suppress, Petitioner answered "yes." Doc. 11-1 at 176, Ex. S. Further, Petitioner acknowledged that he had not been forced or threatened in any way to give up his right to trial. *Id*. at 177.

On this record, where Petitioner does not present a credible claim of actual innocence, supported by new reliable evidence, no fundamental miscarriage of justice will result from a failure to review his claims. *See also Tollett v. Henderson*, 411 U.S. 258, 266-267 (1973), holding that federal habeas relief was generally not available for "deprivation of constitutional rights that occurred prior to the entry of a guilty plea," where "a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged.[1]"

---

[1] In both of his plea agreements Petitioner acknowledged that he was waiving and giving up "any and all motions, defenses, objections or requests which he has made or raised, or could assert hereafter, to the court's entry of judgment against him and imposition of a

## V.   CONCLUSION

Having determined that Petitioner's claims are procedurally barred without excuse, the Court will recommend his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED and DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

---

sentence consistent with this agreement." *See* doc. 11-1 at 150, Ex. Q (aggravated assault case); *id*. at 156, Ex. R (possession of narcotics for sale case).

Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 23rd day of December, 2024.

_____
Honorable Michael T. Morrissey
United States Magistrate Judge